In the Matter of PETER G. MIRTO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 30, 1987

## APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Jerome Karp, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on October 16, 1940. In this proceeding, the petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

The Special Referee found the respondent guilty of all five charges of professional misconduct against him.

The first charge alleged that the respondent converted the funds of his client. It was asserted that, when the respondent represented the seller of real property in March of 1982, he accepted a teller's check in the amount of $3,000 representing the down payment in the transaction, which funds were to be held in escrow by the respondent until closing of title, and that on March 18, 1982, he negotiated the check but failed to deposit the proceeds into an escrow or other special account, and used these moneys for his own benefit.

The second charge alleged that after the closing of the aforementioned real estate transaction on July 19, 1982, the respondent received the funds representing the balance of the sale price but failed to forward to his client those funds to which the client was entitled. After the client's new attorney in South Carolina made demands, the respondent sent two checks to the South Carolina attorney in September 1982 and one of the checks, representing the balance of the down payment in the amount of $2,350, was dishonored due to "insufficient funds". It was further alleged that the respondent knew at the time he wrote that check that there were insufficient funds in the account.

The third charge alleged that the respondent failed to deposit the aforementioned client's funds into a special account separate from his own funds and failed to maintain any records of those funds, as required by the rules of this court.

The fourth charge alleged that the respondent deliberately misled the petitioner Grievance Committee by giving false testimony at a hearing before a subcommittee of that Committee when he indicated that he had taken the proceeds of his client's check, put them in a file envelope and kept them in his home until December 1982.

The fifth charge alleged that the respondent deliberately gave false and misleading testimony at a hearing before the subcommittee of the Grievance Committee when he testified that he received five checks in February 1982 as payment for

the representation of clients pursuant to County Law article 18-B, and did not deposit these five checks but cashed them on or about March 18, 1982, when in truth, the respondent had deposited the five checks into bank accounts.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the professional misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

The respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law effective forthwith.

BRACKEN, J. P., NIEHOFF, RUBIN, EIBER and SULLIVAN, JJ., concur.